IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **LEAGUE OF WOMEN VOTERS OF NEW HAMPSHIRE,** *et al.*, <br><br> Plaintiffs, <br><br> **STEVE KRAMER,** *et al.*, <br><br> Defendants. | Civil Action No. 1:24-cv-73-SM-TSM |

**PLAINTIFFS' RESPONSE TO NOTICE OF SETTLEMENT**

Plaintiffs League of Women Voters of New Hampshire, League of Women Voters of the United States, Nancy Marashio, James Fieseher, and Patricia Gingrich (collectively, "Plaintiffs") respectfully submit this Response to Defendant Lingo Telecom, LLC's ("Lingo") Notice of Settlement with the Federal Communications Commission ("FCC") (ECF No. 91).

*First*, Lingo is wrong in contending that the Consent Decree undermines the need for the requested preliminary injunction against Lingo.  The Consent Decree gives Lingo substantial time to implement the agreed-upon corrective measures (30 days from the Effective Date to prepare a compliance manual and appoint a Compliance Officer; 60 days to train its employees under a new Compliance Training Program; and 90 days to implement additional Operating Procedures).  *See* Consent Decree (ECF No. 91-1) at 5-6.  Plaintiffs do not have that time to wait for Lingo to stand up a compliance program from scratch.

The fast-approaching presidential election necessitates the preliminary relief Plaintiffs seek.  The state of North Carolina will begin mailing out absentee ballots to eligible voters in just 7 days.  *See* N.C.G.S.A. § 163-227.10(a) (requiring board of elections to provide absentee ballots 60 days prior to statewide general election).  In-person early voting starts in Minnesota in 21 days.  *See* Office of the Minnesota Secretary of State, *Vote Early In Person* (last accessed: Aug. 30, 2024),

1

https://www.sos.state.mn.us/elections-voting/other-ways-to-vote/vote-early-in-person/. And dozens of other states, including New Hampshire, will be distributing ballots to voters in the coming weeks, long before Lingo is required to submit its first Compliance Report. *See* National Conference of State Legislatures, *When States Mail Out Absentee/Mail Ballots* (last accessed: Aug. 30, 2024), https://www.ncsl.org/elections-and-campaigns/table-7-when-states-mail-out-absentee-mail-ballots.

Given the non-existent state of Lingo's compliance program—a program that apparently includes no compliance manual, no employee training, no Compliance Officer, and no enhanced KYC procedures—Lingo poses a substantial threat of future injury or irreparable harm to the Plaintiffs. *See* Consent Decree at 5-6. Again, Lingo apparently concluded that the thousands of spoofed robocalls it facilitated targeting New Hampshire voters less than 48 hours prior to the start of the New Hampshire Presidential Primary were subject to no legal impediments. The Consent Decree demonstrates that the FCC disagreed, at least with respect to the laws it administers. Until Lingo brings itself into full compliance with the Consent Decree—which is not required until well after the November 5, 2024 presidential election—Lingo will continue to threaten the rights of voters under the FCC's rules; and absent an injunction, it will also continue to threaten the rights of voters under the Voting Rights Act ("VRA"), the Telephone Consumer Protection Act ("TCPA"), and New Hampshire's election laws, which in turn will force the League of Women Voters of New Hampshire and the League of Women Voters of the United States to divert their resources to mitigate the harm.[1] Furthermore, given that the Consent Decree provides Lingo 15 days to notify the FCC of violations of its obligations—a period of time in which thousands if not

---

[1] Assuming the "Effective Date" of the FCC Order is August 21, 2024 (*see* ECF 91-1 at 1), Lingo has until November 19, 2024 to implement required changes to its operating procedures, including developing a "checklist" that describes the steps employees must follow to "ensure compliance with the STIR/SHAKEN Rules," and to certify to the FCC that Lingo has brought itself into full compliance with the Consent Decree. *See* Consent Decree at 5-6.

millions of Americans' right to vote could be impacted by threatening, intimidating, coercive, or otherwise unlawful robocalls—the harm will be irreparable.  *See* Consent Decree at 6.

*Second*, Lingo contends that the Consent Decree undermines Plaintiffs' claims against Lingo because the FCC did not pursue any of Plaintiffs' alleged violations of the VRA, the TCPA, or New Hampshire election laws.  The argument is as specious as it sounds.  Lingo cites no authority suggesting that the FCC has jurisdiction to prosecute violations of the VRA or the New Hampshire election laws.  Similarly, Lingo provides no factual or legal support for its contention that the FCC's decision to bring charges pursuant to 47 C.F.R. § 64.6301(a) reflects a determination that Lingo's actions did not also violate alternative provisions of the TCPA.

If anything, the Consent Decree *strengthens* Plaintiffs' arguments with respect to their VRA, TCPA, and New Hampshire election law claims, as do Lingo's admissions in its filing with this Court.  Lingo has admitted that at the time it facilitated the transmissions of thousands of unlawful robocalls to New Hampshire voters, Lingo *did not have a compliance manual*, nor did it require its employees to complete annual training.  *See* Notice of Settlement at 2 (explaining that Lingo agreed to implement "additional measures," including "developing . . . a compliance manual, and an annual training program").  Similarly, while Lingo professes to have "robust mitigation procedures," *id.* at 1, the FCC has clearly concluded otherwise, *see* Consent Decree at 5-6 (requiring Lingo to develop compliance plan to "ensure future compliance" with the Communications Act of 1934, FCC rules, and related orders and decisions).

For the foregoing reasons, Plaintiffs reiterate their request for preliminary injunctive relief.

Dated:  August 30, 2024                                          Respectfully submitted,

*/s/   Mark R. Herring*

Mark R. Herring* (DC Bar #90013124)

3

Matthew R. Nicely* (DC Bar #430564)
Caroline L. Wolverton* (DC Bar #496433)
Amanda S. McGinn* (DC Bar #1049085)
Joseph T. DiPiero* (DC Bar #1618536)
Maria Julia Hershey* (DC Bar # 90020162)
Sara M. Hanna* (DC Bar #90017864)

AKIN GUMP STRAUSS HAUER & FELD
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006-1037
(202)-887-4000
mherring@akingump.com
mnicely@akingump.com
cwolverton@akingump.com
amcginn@akingump.com
jdipiero@akingump.com
mhershey@akingump.com
shanna@akingump.com

Courtney Hostetler* (MA Bar #683307)
John Bonifaz* (MA Bar #562478)
Ben Clements* (MA Bar #555802)
Amira Mattar* (NY Bar #5774450)
FREE SPEECH FOR PEOPLE
48 N. Pleasant St., Suite 304
Amherst, MA 01002
617-244-0234
chostetler@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org
amira@freespeechforpeople.org

William C. Saturley (NH Bar #2256)
Nathan R. Fennessy (NH Bar #264672)
Nicholas A. Dube (NH Bar #27464)
PRETIFLAHERTY
57 N Main Street
New Hampshire 03301
(603)-410-1500
WSaturley@preti.com
Nfennessy@preti.com
Ndube@preti.com

*Counsel for Plaintiffs*
*\*Admitted Pro Hac Vice*

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certified that on August 30, 2024, the foregoing was electronically filed with the Court and served upon the following:

Boyd Garriott
Frank Scaduto
Michele E. Kenney
Thomas M. Johnson, Jr.
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
210-833-5573
*Counsel for Defendant Lingo Telecom, LLC*
**Via ECF System**

Steve Kramer
20 Cloverfield Drive
New Fairfield, CT 06812
*Via US Mail*

Wayne E. George
Ezra D. Church
Terese M. Schireson
Morgan Lewis & Bockius LLP
One Federal St
Boston, MA 02110-4104
*Counsel for Defendants Life Corporation and Voice Broadcasting Corporation*
**Via ECF System**

A true and correct copy was also transmitted via electronic mail to Steve Kramer at gotvcalls@gmail.com.

Respectfully submitted,

/s/   Mark R. Herring
Counsel for Plaintiffs