UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

League of Women Voters
of New Hampshire, et al.

    v.                                      Case No. 24-cv-73-SM-TSM
                                            Opinion No. 2024 DNH 089

Steve Kramer, et al.

O R D E R

Default was entered against defendant Steve Kramer on August 29, 2024. Doc. no. 92. The plaintiffs move for default judgment against Kramer while their claims against the other defendants remain pending. Doc. no. 98. For the reasons that follow, the motion is denied.

Discussion

The plaintiffs, the League of Women Voters of New Hampshire, the League of Women Voters of the United States, and three New Hampshire voters bring claims under the Voting Rights Act, the Telephone Consumer Protection Act, and New Hampshire Election Laws, NH RSA 664:14-1 and 644:14-b, challenging the defendants' involvement in robocalls sent to New Hampshire residents before the New Hampshire Primary in January of 2024. In addition to Kramer, the defendants are Lingo Telecom, LLC, Life Corporation, and Voice Broadcasting Corporation. The active defendants have moved to dismiss the claims against them, and those motions are pending.

Despite the pending motions to dismiss, the plaintiffs move for entry of default judgment, final judgment, against Kramer and seek a permanent injunction and statutory damages against him.  The plaintiffs' motion raises two related issues that must be considered separately: the entry of default judgment and entry of final judgment as to only one of multiple defendants. See Pinnacle Bank v. Am. Gen. Life Ins. Co., Case No. 24-cv-305, 2024 WL 3656179, at *1 (M.D. Tenn. Aug. 5, 2024); Sullivan v. Snider, Case No. 19-cv-129, 2023 WL 9181363, at *2 (N.D.N.Y. Dec. 19, 2023).

A.  Default Judgment

After entry of default against a defendant, the court may enter default judgment if the well-pleaded facts alleged in the complaint demonstrate that the moving party has stated an actionable claim against the defaulted party.  Universitas Educ., LLC v. Granderson, 98 F.4th 457, 377 (1st Cir. 2024). While the defaulted party is deemed to have conceded the truth of the factual allegations in the complaint, for purposes of a default judgment, the court determines whether it has jurisdiction, whether the allegations state an actionable claim for relief, and whether the defaulted party had notice and an opportunity to respond.  Id.  Because default judgment "runs contrary to the goals of resolving cases on the merits and

2

avoiding harsh or unfair results," courts are cautioned to enter default judgment only in extreme situations. Id. (internal quotation marks omitted).

The plaintiffs contend that they are entitled to default judgment against Kramer on all three claims because default has been entered against him and because Kramer's actions in orchestrating the robocalls, as alleged in the complaint, violated section 11(b) of the Voting Rights Act, section 227 of the Telephone Consumer Protection Act, and New Hampshire Election Laws, NH RSA 664:14-1 and 644:14-b. The plaintiffs did not address the issue of whether they have standing to bring the claims, which is raised in the defendants' motions to dismiss and is discussed in the report and recommendation to deny the plaintiffs' motion for a preliminary injunction. If the plaintiffs lack standing, the court lacks jurisdiction over the claims against Kramer. For that reason alone, the plaintiffs' motion for default judgment must be denied.

In addition, the defendants challenge the sufficiency of the plaintiffs' allegations to state a cognizable claim. If the court were to conclude that the plaintiffs' allegations were insufficient in the context of deciding the defendants' motions, that outcome likely would undermine a default judgment entered against Kramer. For that reason too, no default judgment can be entered at this time. Even if a default judgment were

3

appropriate at this time, the plaintiffs have not demonstrated that a separate final judgment should be entered against Kramer.

B. Separate Final Judgment

When, as here, there are multiple parties in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Before entering a judgment under Rule 54(b), the district court "must go through two steps: [1] it must 'determine that it is dealing with a "final judgment"' that provides an ultimate disposition on a 'cognizable claim for relief,' and [2] it must 'determine whether there is any just reason for delay.'"[1] Boston Property Exchange Transfer Co. v. Iantosca, 720 F.3d 1, 7 (1st Cir. 2013) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7-8 (1980)). In determining whether there is no just reason for delay, the court must consider the interrelationship of the claims and whether early entry of judgment will result in piecemeal appeals. Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 28 (1st Cir. 2022).

---

[1] Ordinarily, the court must make findings to support a determination that there is no just reason for delay. Boston Property Exchange, 720 F.3d at 7.

4

The plaintiffs did not address the requirements under Rule 54(b) for a separate final judgment and, as a result, failed to show that there is no just reason for delay.  In this case, the defendants' pending motions to dismiss preclude entering a final judgment against Kramer now, even if the plaintiffs could meet the requirements for a default judgment.

## Conclusion

For the foregoing reasons, the plaintiffs' motion for default judgment against Steve Kramer (doc. no. 98) is denied.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

October 15, 2024

cc:  Counsel of Record