```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>League of Women Voters</u>
<u>of New Hampshire, et al.</u>

    v.                                Case No. 24-cv-73-SM-TSM
                                          Opinion No. 2024 DNH 092

<u>Steve Kramer, et al.</u>

## **O R D E R**

This case arises from robocalls made to New Hampshire voters before the primary election in January of 2024. The League of Women Voters of New Hampshire, the League of Women Voters of the United States, and three New Hampshire voters allege that, by creating and sending those calls, Steve Kramer, Lingo Telecom, LLC, Life Corporation, and Voice Broadcasting Corporation violated the Voting Rights Act, the Telephone Consumer Protection Act, and New Hampshire Elections Laws, NH RSA 664:14-a and 644:14-b.[1] The Coolidge-Reagan Foundation ("Foundation") moves for leave to file a memorandum as amicus curiae in support of the defendants' pending motions to dismiss the plaintiffs' claims and a memorandum in response to the plaintiffs' objection to the report and recommendation denying a preliminary injunction. The plaintiffs object to allowing the Foundation to participate in the case as amicus curiae. The

---

[1] Default has been entered against defendant Steve Kramer. Doc. no. 92.

active defendants did not respond to the Foundation's motion.

## Discussion

The Foundation states that it is a nonprofit organization incorporated in the District of Columbia and that it "is dedicated to protecting freedom of speech under the First Amendment and the integrity of the electoral process." Doc. no. 97, at 1. The Foundation further states that the issues in this case "touch upon [its] interests." Id. The plaintiffs oppose the Foundation's amicus memorandum on grounds that the Foundation's request is untimely, its memorandum is repetitious of the issues addressed by the defendants, no supplemental assistance is needed, and its participation would prejudice the plaintiffs.

An amicus curiae participates in a case to "'assist the court on matters of law' through briefing and, sometimes, oral argument. DeOliveira v. Garland, 112 F.4th 12, 29 n.18 (1st Cir. 2024) (quoting Banerjee v. Bd. of Trs., 648 F.2d 61, 65 n.9 (1st Cir. 1981)). The Federal Rules of Civil Procedure do not address amicus participation.[2] League of Women Voters of Ohio v. LaRose, --- F. Supp. 3d ---, 2024 WL 3495331, at *21 (N.D. Ohio

---

[2] Rule 29 of the Federal Rules of Appellate Procedure governs amici curiae in the federal circuit courts of appeals. See United States v. Keleher, 475 F. Supp. 3d 80, 82 (D.P.R. 2020).

July 22, 2024). Instead, courts have discretion to grant amicus curiae status in the exercise of the courts' inherent authority. Washington All. Of Tech. Workers v. U.S. Dep't of Homeland Sec., 50 F.4th 164, 193 (D.C. Cir. 2022); Strasser v. Koorley, 431 F.2d 567, 569 (1st Cir. 1970); Portland Pipe Line Corp. v. City of South Portland, 2017 WL 79948, at *4 (D. Me. Jan. 9, 2017). Importantly, "[a]n amicus curiae is merely a 'friend of the court,' not a party to the action, and to that end, an amicus may not assume the functions of a party, nor may it initiate, create, extend, or enlarge the issues." Famulus Health, LLC v. GoodRX, Inc., No. 2:24-CV-00886-BHH, 2024 WL 4151090, at *5 (D.S.C. Sept. 11, 2024) (additional internal quotation marks omitted); see also L.M. v. town of Middleborough, Mass., 103 F.4th 854, 866 (1st Cir. 2024) (noting that it did not consider an issue raised by an amicus that was not addressed by the parties).

Without specifically determining what assistance, if any, the Foundation's memorandum may provide in deciding the pending motions to dismiss and the pending report and recommendation, the court exercises its discretion to allow the Foundation to file those memoranda as an amicus curiae. The court will consider the memoranda only to the extent they may provide legal assistance in deciding the issues raised by the parties in the motions and the objection. To avoid any prejudice to the

plaintiffs, they are granted leave to file a response to the Foundation's memoranda as provided below.

## Conclusion

For the foregoing reasons, the Foundation's motion (doc. no. 97) to file the proposed memorandum (doc. no. 97-1) and the motion for leave to file a response (doc. no. 108) as an amicus curiae are granted.

The Foundation shall refile the memoranda (doc. no. 97-1 and doc. no. 108-1) as separate documents within three (3) days of the date of this order.  The plaintiffs may file a response to the memoranda, not to exceed fifteen (15) pages, within fourteen (14) days after the memoranda are docketed.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

October 29, 2024

cc: Counsel of Record