UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

League of Women Voters
of New Hampshire; League of Women
Voters of the United States;
Nancy Marashio; James Fieseher;
And Patricia Gingrich,
    Plaintiffs

    v.                                  Case No. 24-cv-73-SM-TSM
                                      Opinion No. 2024 DNH 043

Steve Kramer; Life Corporation;
and Voice Broadcasting Corporation,
    Defendants

**O R D E R**

In January of 2024, two days before the New Hampshire Presidential Primary Election, defendants directed approximately 10,000 (and perhaps significantly more) robocalls to New Hampshire residents they believed were likely Democratic voters. The calls featured an AI-generated "deepfake" voice designed to sound like President Joe Biden and were intended to suppress Democratic voter turnout. Specifically, the calls urged recipients to "save" their vote for the November general election and warned that if they cast a vote in the primary election it would "only enable the Republicans in their quest to elect Donald Trump again." In addition to employing an AI-

generated voice designed to deceive recipients into believing that President Biden had recorded the message, defendants also "spoofed" the caller ID to falsely show that the call originated from a phone number associated with a prominent former Democratic Party leader who was widely known throughout the state.

In the wake of those robocalls being directed into New Hampshire, the League of Women Voters of the United States, the League of Women Voters of New Hampshire, and three individuals who received the fake robocalls, filed suit. Plaintiffs allege that defendants' conduct violated the Voting Rights Act of 1965, the Telephone Consumer Protection Act, and two separate provisions of a New Hampshire statute governing political advertising. Plaintiffs seek a nationwide injunction enjoining all defendants from:

> producing, generating, or distributing AI-generated robocalls impersonating any person, without that person's express, prior written consent;
>
> from distributing spoofed telephone calls, texts messages, or any other form of spoofed communication without the express, prior written consent of the individual or entity upon whose half the communication is being sent; and
>
> from distributing telephone calls, text messages, or other mass communications that do not comply with all applicable state and federal laws or that are made for an unlawful purpose.

Amended Motion for Preliminary Injunction (document no. 71) at 1.  Plaintiffs also seek statutory damages, punitive damages, and an award of attorney's fees.

In response, defendants Life Corporation and Voice Broadcasting Corporation, moved to dismiss all of plaintiffs' claims (document no. 76).

The court referred plaintiffs' request for preliminary injunctive relief to the Magistrate Judge for a Report and Recommendation.  Following a hearing on the matter, the Magistrate Judge issued a Report and Recommendation (document no. 99), recommending that the court deny plaintiffs' motion for preliminary injunction on grounds that: (a) the institutional plaintiffs lack standing to obtain the prospective injunctive relief they seek; (b) none of the plaintiffs has established that they would suffer irreparable harm in the absence of injunctive relief; and, finally, (c) plaintiffs' request for injunctive relief is not sufficiently specific.  Plaintiffs object to the Report and Recommendation.

As discussed at length in the court's recent order, determining whether the institutional plaintiffs have standing

to pursue the claims set forth in the Amended Complaint is a close and difficult call, and one on which reasonable minds can certainly differ. <u>See</u> Order denying defendants' motion to dismiss, dated March 26, 2025 (document no. 116). Having carefully consider the matter, as well as the legal memoranda submitted by the parties, and for the reasons set forth in the order dated March 26, the court concludes that the Amended Complaint plausibly (if barely) alleges sufficient facts to vest both the institutional and individual plaintiffs with standing to bring the claims set forth in the Amended Complaint. Consequently, the court does not adopt that portion of the Report and Recommendation addressing the institutional plaintiffs' standing.

Nevertheless, for the remaining reasons set forth in the Report and Recommendation – that is, that plaintiffs failed to establish that they would suffer irreparable harm in the absence of injunctive relief and that plaintiffs' request for injunctive relief is not sufficiently specific - the court agrees with the Magistrate Judge's conclusion that plaintiffs have not met their burden to demonstrate entitlement to the preliminary injunctive relief they seek.

**Conclusion**

After due consideration of the objection filed, the Report and Recommendation of Magistrate Judge Talesha Saint-Marc dated September 19, 2024 (**document no. 99**), is approved – albeit not entirely for the reasons given.  The institutional plaintiffs have standing to pursue the claims set forth in the Amended Complaint, but none of the plaintiffs has demonstrated entitlement to the preliminary injunctive relief sought. Accordingly, the plaintiffs' Amended Motion for Preliminary Injunction (**document no. 71**) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 27, 2025

cc: Counsel of Record